UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT MANG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MUNICIPAL SECURITIES )<br>RULEMAKING BOARD, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-cv-02283 (TSC) |

**MEMORANDUM OPINION**

Defendant removed this *pro se* case from the Superior Court of the District of Columbia, asserting federal question jurisdiction. *See* Not. of Removal, ECF No. 1. Pending is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, the motion will be GRANTED.

Plaintiff was informed of his obligations to respond to Defendant's motion by September 14, 2023, and the consequence of dismissal if he failed to respond. *See* Aug. 24, 2023 Order, ECF No. 11. On September 11, 2023, the court granted Plaintiff's motion to extend the deadline to October 13, 2023, but Plaintiff filed nothing by that date. Thus, on October 19, 2023, Defendant filed with the court and served on Plaintiff a notice requesting that its "motion be treated as conceded and that the relief sought therein be granted." Not. of Pl.'s Failure to Oppose Def.'s Mot. to Dismiss and Request for Entry of Order, ECF No. 14. Because Plaintiff still has not filed an opposition or

requested another extension of time, the court considers Defendant's grounds for dismissal to be conceded. *See* Aug. 24, 2023 Order (highlighting that "the court may treat as conceded any [unopposed] arguments a defendant has advanced in support of its motion").

The relevant factual allegations are as follows. From February 2020 to July 2020, Defendant employed Plaintiff as a law clerk. Plaintiff worked remotely and "understood that [Defendant] could monitor his electronic activities while his [personal] device was connected to the company network." Def.'s Mem., ECF No. 5-2 at 1-2. On July 13, 2020, while on a Zoom call with his therapist, Plaintiff received an alert that he was connected to Defendant's network, "which prompted him to disconnect." *Id*. at 2.

Plaintiff alleges unlawful eavesdropping by Defendant and demands damages. He raises claims "sounding in tort, contract, and statute," Def.'s Mem. at 3, the latter including a claim under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2703 *et seq*. *See* Am. Compl., ECF No. 1-3 (Tenth Cause of Action). By his silence, Plaintiff concedes that (1) the federal claim is barred by the ECPA's two-year statute of limitations, Def.'s Mem. at 16, and (2) the non-federal claims are barred by the D.C. Workers' Compensation Act (WCA), *id*. at 6-7. *See Vanzant v. Washington Metro. Area Transit Auth*., 557 F. Supp. 2d 113, 117 (D.D.C. 2008) ("The WCA is the exclusive remedy for a workplace injury.") (citing D.C. Code § 32-1504(a)). Therefore, this case will be dismissed, albeit without prejudice. A corresponding order will issue separately.

Date:  November 14, 2023

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge